STATE OF MINNESOTA                           DISTRICT COURT

COUNTY OF HENNEPIN                    FOURTH JUDICIAL DISTRICT

Case Type: Employment / Class Action

---

| | |
|---|---|
| Rosalee Dahlheimer, individually and on behalf of all others similarly situated, | **Court File No.** _____ <br> **Judge:**_____ |
| Plaintiff, | **SUMMONS IN A CIVIL ACTION** |
| vs. | |
| Massage Retreat & Spa, Inc. and Lee Oberg, | |
| Defendants. | |

---

TO:   Massage Retreat and Spa, Inc.
      4124 Quebec Avenue N #201
      New Hope, Minnesota 55427

      Lee Oberg

    **1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    **2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**.   You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons to the address below.

    **3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**EXHIBIT A**

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 8, 2018

_____
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEY FOR PLAINTIFF**

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                      FOURTH JUDICIAL DISTRICT

                                Case Type: Employment / Class Action

---

Rosalee Dahlheimer, individually and        **Court File No.** _____
on behalf of all others similarly
situated,                                   **Judge:**_____

                         Plaintiff,         **COLLECTIVE AND CLASS ACTION**
                                                      **COMPLAINT**
    vs.

Massage Retreat & Spa, Inc.
and Lee Oberg,

                    Defendants.

---

## STATEMENT OF CLAIM

Plaintiff brings this class action complaint on behalf of herself individually and all others similarly situated to recover earned wages that Defendants failed to pay their employees.

## JURISDICTION AND VENUE

1.     This action arises under Minnesota common and statutory law, and the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). Therefore, the Court has jurisdiction to hear this Complaint. The Court also has jurisdiction pursuant to Minn. Stat. § 484.01, *et seq.* This matter is properly venued in Hennepin County, Minnesota under Minn. Stat. § 542.01, *et seq.*, because the unlawful practices described herein have been committed in Hennepin County, and the Defendants reside in Hennepin County.

## PARTIES

2.     Plaintiff is an adult resident of Minnesota. Plaintiff was employed by Defendants as an Esthetician/Skin Therapist. Plaintiff worked for Defendants from in or around November 2016 until in or around February 2018. During Plaintiff's period of employment, Defendants failed to pay her and her similarly situated coworkers for all of their hours worked.

3.     Defendant Massage Retreat & Spa, Inc. is a Minnesota entity that owns and operates a chain of stores in the Twin Cities that provide massage and spa services. According to the Minneapolis Secretary of State online database, Defendant Massage Retreat & Spa's principal place of business and registered office in the state of Minnesota is located at 4124 Quebec Avenue N #201, New Hope, Minnesota 55427.

4.     Defendant Lee Oberg is an adult resident of Minnesota. At all times relevant to this action Defendant Oberg was the founder, owner, CEO, corporate officer, and manager of Defendant Massage Retreat & Spa. At all times relevant to this action, Defendant Oberg had operational control over Massage Retreat & Spa. Accordingly, Defendant Oberg was Plaintiff's employer, as that term is construed under the statutes implicated in this matter.[1]

---

[1] *See Dole v. Elliott Travel & Tours*, 942 F.2d 962, 965-66 (6th Cir. 1991) (stating that "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'") (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)); *accord Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986); *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013); *Boucher v. Shaw*, 572 F.3d 1087, 1093-94 (9th Cir. 2009); *Rockney v. Blohorn*, 877 F.2d 637, 642-43 (8th Cir. 1989) (implicitly recognizing that the FLSA permits suits against employers

Defendant Oberg was actively involved in conceiving and implementing the employment practices at issue in this matter.

## **FACTUAL ALLEGATIONS**

5.     Plaintiff and similarly situated individuals are employed, or have been employed within the relevant liability period, as Estheticians/Skin Therapists and/or Massage Therapists for Defendants.

6.     At all times relevant to this action, Defendants did not pay Plaintiff and her similarly situated coworkers on a salary basis.

7.     At all times relevant to this action, Defendants paid Plaintiff and her similarly situated coworkers on an hourly basis.

8.     Defendants agreed to pay Plaintiff and similarly situated individuals a certain wage for time spent providing direct services to clients (such as massages, facials, and waxes), and a different wage for time spent working when not providing direct services to clients.

9.     In Plaintiff's case, Defendants agreed to pay her $16.50 per hour for time spent providing direct services to clients, and $10 per hour for time spent working when not providing direct services to clients, as reflected in a "Position Acceptance" form that Defendants required Plaintiff to sign:

**Service Commission: $4.13/15 min. session, $8.25/30 min., $16.50/60 min., $24.75/90 min.**
*Pay out: total of service commission, plus credit card tips and training OR $10 per hour worked in spa during assigned schedule, whichever is greater*

---

in their individual capacities); *see also State by Humphrey v. Baillon Co.*, 503 N.W.2d 799, 804 (Minn. Ct. App. 1993) (finding that when a Minnesota statute is modeled on a federal statute—such as the MFLSA—critical terms in the state statute must be construed consistent with those of the federal statute).

10.   Defendants required Plaintiff's similarly situated coworkers to sign "Position Acceptance" forms virtually identical to the form Plaintiff signed.

11.   Defendants did not pay Plaintiff and her similarly situated coworkers minimum wages for their time spent working when not providing direct services to clients.

12.   In many instances, Defendants failed to pay Plaintiff and her similarly situated coworkers *any* wages for their time spent working when not providing direct services to clients.

13.   During the pay period from November 1, 2017 through November 15, 2017, for example, Plaintiff worked 18 hours for Defendants, and Defendants did not pay Plaintiff *any* wages for the 10.75 hours she spent working when not providing direct services to clients, as her paystub from this pay period reflects:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 16.6100 | 7.25 | 120.42 | 1,269.06 |
| Tips: Cc | | | 62.05 | 1,909.94 |
| Monthly Bonus | | | | 67.00 |
| Retail Commissi | | | | 674.23 |
| Service Comm | | | | 2,748.49 |
| Training | | | | 339.44 |
| Gross Pay | | | $182.47 | 7,355.63 |

14.   During the pay period from April 1, 2017 through April 15, 2017, for example, Plaintiff worked 65 hours for Defendants, and Defendants did not pay Plaintiff *any* wages for the 41 hours she spent working when not providing direct services to clients, as her paystub from this pay period reflects:

4

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 16.6100 | 24.00 | 398.64 | 413.64 |
| Tips: Cc | | | 182.29 | 1,535.84 |
| Upgrades | | | 38.00 | |
| Monthly Bonus | | | | 67.00 |
| Retail Commissi | | | | 543.64 |
| Service Comm | | | | 2,748.49 |
| Training | | | | 245.00 |
| **Gross Pay** | | | **$618.93** | 5,866.58 |

15.     The work that Plaintiff and her similarly situated coworkers performed for Defendants when not providing direct services to clients was compensable.[2]

16.     Plaintiff's customary schedule called for her to work 30 hours per week over five shifts, as the Position Acceptance form reflects:

**Employee Name:** Rosalee Dahlheimer
**Job Title:** Skin Therapist
**Department:** Skin Therapy
**Location:** Woodbury
**Reports to:** Skin Therapist Lead & Spa Management
**Hours per week: 30**
**Schedule Requirements: Minimum 4 Full weekend shifts per month**

17.     Defendants required Plaintiff and her similarly situated coworkers to arrive at work 30 minutes before their shifts began and start working for

---

[2] *See* Minnesota Administrative Rule 5200.0120 (stating "[h]ours worked include...cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment or must remain on the premises until work is prepared or available.").

Defendants' benefit, as a job description that Defendants required Plaintiff to sign reflects:

**Essential Job Functions**
- Arrive 30 minutes before scheduled shift to prepare room, understand clients on their schedule for the day and ensure product knowledge appropriate to that client's skin type (as available).

18.   Defendants did not pay Plaintiff and her similarly situated coworkers for the work they performed for Defendants before their shifts began.

19.   The work that Plaintiff and her similarly situated coworkers performed for Defendants before their shifts began was compensable.[3]

20.   Defendants' employment practices, as detailed above, resulted in Plaintiff and her similarly situated coworkers frequently performing unpaid work for Defendants.

21.   This unpaid work includes but is not limited to paperwork, preparing for sessions with clients, getting hot towels ready, doing laundry, cleaning, organizing the front desk, and conducting inventory.

22.   Defendants required Plaintiff and her similarly situated coworkers to remain on Massage Retreat & Spa's premises when they were not providing direct services to clients, unless Defendants assigned them to distribute fliers.

23.   Plaintiff spoke with many former and current similarly situated coworkers who confirmed that Defendants were not properly paying them for all of their time spent working for Defendants.

24.   The majority if not all of the persons subjected to Defendants' illegal employment practices described above are women.

---

[3] *Id.*

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action on behalf of herself and on behalf of all individuals similarly situated. The proposed class is defined as follows: all persons who have worked for Defendants as Estheticians/Skin Therapists and/or Massage Therapists during the relevant liability period.

26.     This action is maintainable as a class action under Minnesota Rule of Civil Procedure 23.01 because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interest of the class.

27.     This action is also properly maintainable as a class action under Minnesota Rule of Civil Procedure 23.02 because questions of law or facts common to members of the class predominate over any questions affecting only individual members, and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28.     The members of the class identified above are so numerous that joinder of all members is impracticable.  The exact number of the class is unknown, but it will be comprised of more than 40 class members.  The exact number may be determined from records maintained by Defendants.

29.     There are numerous and substantial questions of law and fact common to all of the members of the Class, including but not limited to the following:

a. Whether Defendants violated state and federal law by failing to

properly pay Plaintiff and class members for all hours worked;

b. Whether Defendants' conduct is in willful violation of the law.

30.   Defendants are expected to raise common defenses to this class

action, including denial that their actions violated the law.

31.   The Named Plaintiff will fairly and adequately protect the interests

of the Class and she has retained counsel experienced and competent in the

prosecution of complex class action litigation.

32.   The claims of the Named Plaintiff are typical of the claims of the

Class.  The Named Plaintiff has the same interest and suffers from the same

injuries as the class members.  The Named Plaintiff and the class the Named

Plaintiff seeks to represent were not paid wages for all hours worked.

33.   Upon information and belief, no other member of the class has an

interest in individually controlling the prosecution of his/her claims, especially

in light of the relatively small value of each claim and the difficulties involved in

bringing individual litigation against one's employer.  However, if any such

class member should become known, he or she may "opt out" of this action

upon receipt of the class action notice pursuant to the Minnesota Rule of Civil

Procedure, Rule 23.03.

34.   Plaintiff is unaware of any other litigation concerning this

controversy commenced by or for other class members.

35.   Litigation should be concentrated in this forum because most of

the class members are or were employed by Defendants within this forum.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT MINIMUM WAGE REQUIREMENT

36.     Plaintiff and similarly situated individuals re-allege and incorporate all of the above paragraphs as though fully stated herein.

37.     Plaintiff and similarly situated individuals are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

38.     Plaintiff and similarly situated individuals have given their consent to become parties to this lawsuit against Defendants as required by 29 U.S.C. § 216(b).  (*See* Exhibit A, attached.)

39.     Plaintiff and similarly situated individuals are employed, or have been employed, by Defendants during the past three years in an enterprise engaged in commerce, as these terms are used in §§ 206 and 207 of the FLSA, 29 U.S.C §§ 206-07.

40.     The FLSA, 29 U.S.C. § 206, requires employers to pay employees a minimum wage for all hours worked.

41.     The FLSA, 29 U.S.C. § 216(b) makes employers who violate § 206 liable to the affected employees in the amount of the employees' unpaid wages, liquidated damages, costs, and attorney's fees.

42.     Defendants violated the minimum wage requirements of the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for their time spent on the work activities described in this Complaint.

43.   Defendants failed to provide Plaintiff and similarly situated individuals with advance notice that they were taking a tip credit toward their minimum wage obligations.[4]

44.   Defendants knew, or showed reckless disregard for, the fact that they violated the FLSA by failing to pay Plaintiff and similarly situated individuals minimum wages for the work activities described in this Complaint.

45.   These violations occurred within the statutory period prescribed by 29 U.S.C. § 255(a).

46.   Plaintiff and similarly situated individuals suffered damages as a result of Defendant's violations of the FLSA.

**COUNT II**
**VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT MINIMUM WAGE REQUIREMENT**

47.   Plaintiff and class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

48.   Defendants have been "large employers," as that term is defined under the Minnesota FLSA, at all times relevant to this action.

49.   Plaintiff is a member of a class that meets the requirements set forth in the Minnesota Rules of Civil Procedure, Rule 23, for certification and maintenance of a class action.

50.   The Minnesota FLSA, Minn. Stat. § 177.24, requires employers to pay minimum wages for all hours worked.

---

[4] *See* 29 C.F.R. § 531.59(b).

51.    The Minnesota FLSA, Minn. Stat. § 177.27, makes employers who violate § 177.24 liable to the affected employees in the amount of unpaid wages, costs, attorneys' fees, and other appropriate relief under the law.

52.    Defendants are the "employers" and Plaintiff and class members are the "employees" for purposes of the Minnesota FLSA.

53.    Defendants violated the Minnesota FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for the time spent on the work activities described in this Complaint.

54.    Defendants were not entitled to take a tip credit towards their minimum wage obligations under the Minnesota FLSA.[5]

55.    Defendants knew, or showed reckless disregard for, the fact that they violated the Minnesota FLSA by failing to pay Plaintiff and class members for the work activities described in this Complaint.

56.    These violations occurred within the statutory period prescribed by Minn. Stat. § 541.07.

### COUNT III
### VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT RECORDKEEPING REQUIREMENT

57.    Plaintiff and class members re-allege the foregoing paragraphs of the Complaint as though fully stated herein.

58.    Minn. Stat. § 177.30 requires employers subject to the Minnesota FLSA to make and keep a record of the hours worked each day and each work week by their employees.  Employers who violate this section may be subject to

---

[5] Minn. Stat. § 177.24, subd. 2.

11

a fine of $1,000.00 per violation and may also be subject to the penalties listed under Minn. Stat. § 177.32, subd. 1.

59.     Defendants violated Minn. Stat. § 177.30 by failing to make and keep records of the time Plaintiff and class members spend/spent working for Defendants.

60.     Plaintiff and class members suffer or have suffered as a result of Defendants' violations of Minn. Stat. § 177.30.

**COUNT IV**
**VIOLATION OF THE MINNESOTA PAYMENT OF WAGES ACT**
**Minn. Stat. §§ 181.101, 181.13, 181.14, and Minn. Rule 5200.0120,**
**Subpart 1**

61.     Plaintiff re-alleges and incorporates all of the above paragraphs as though fully stated herein.

62.     The Minnesota Payment of Wages Act requires employers to pay for all straight time worked.

63.     Defendants violated the Minnesota Payment of Wages Act and Minn. Rule 5200.0120 by failing to compensate Plaintiff and class members for all straight time worked.

64.     Defendants knew, or showed reckless disregard for, the fact that they violated the Minnesota Payment of Wages Act and Minn. Rule 5200.0120 by failing to pay Plaintiffs and class members for all straight time worked.

65.     These violations occurred within the statutory period prescribed by the Minnesota Payment of Wages Act and/or Minn. Rule 5200.0120.

12

## COUNT V
### BREACH OF CONTRACT

66.    Plaintiff and class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

67.    Defendants entered into an employment contract, express or implied, with Plaintiff and class members, under which Plaintiff and class members were to be paid for the work performed for the benefit of Defendants.

68.    Defendants breached this contract.

69.    As a result, Plaintiff and class members suffered economic damages.

## COUNT VI
### UNJUST ENRICHMENT / QUANTUM MERUIT

70.    Plaintiffs and class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

71.    The performance of the activities described in the Complaint conveyed and continues to convey a benefit to Defendants, which Defendants have knowingly received.

72.    Defendants are not entitled to this benefit, and retaining it without paying for it would be unjust to Plaintiff and class members.

73.    Consequently, Plaintiff and class members are entitled to recover the reasonable value of the benefit conveyed to Defendants by the performance of the activities described in this Complaint.

### JURY DEMAND

74.    Plaintiff and class members demand a jury trial.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the class, requests relief as follows:

1.  Certification of this case as a class and collective action;

2.  Designation of Plaintiff as representative of the class and Plaintiff's counsel as Class Counsel;

3.  A finding that, during the relevant liability period, Defendants are liable to Plaintiff and class members for failing to pay wages for time Plaintiff and class members spent working for Defendants;

4.  Judgment against Defendants for an amount exceeding $50,000, equal to Plaintiff's and class members' unpaid wages and an equal amount of liquidated damages, at the applicable wage rate (or prejudgment interest, if liquidated damages are not awarded);

5.  Pre- and post-judgment interest on all damages and other relief awarded herein;

6.  Leave to add additional Plaintiffs;

7.  The reasonable value of the services performed for, or the benefit conveyed to, Defendant as described in this Complaint;

8.  Costs and attorneys' fees to the extent allowed by law;

9.  Grant Plaintiff and class members all other statutory relief to which they are entitled;

10. Grant Plaintiff leave to amend the complaint to include a claim for punitive damages;

14

11.    Grant Plaintiff leave to amend the Complaint if the Court finds this

pleading deficient in any way; and

12.    Such further relief as the Court deems equitable and just.


Dated:  June 8, 2018

_____
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

**ATTORNEYS FOR PLAINTIFF**

15

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211

Plaintiff, through undersigned counsel, acknowledges that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated:  June 8, 2018

_____
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Fax

**ATTORNEYS FOR PLAINTIFF**

## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my former employer, Massage Retreat & Spa, and any related, parent or subsidiary companies or individuals (collectively, "Defendant"), to recover unpaid wages.

2. Within the past three years, I worked as Aesthetician, or a similar position, for Defendant, and there were occasions when I worked and did not receive proper compensation for all of my work hours.

3. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: _____06-06-18_____    _____
                                                    Rosalee Dahlheimer

# EXHIBIT A