# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rosalee Dahlheimer, Jessica Onu, and Jessica Garcia, individually and on behalf of all others similarly situated | Case No. 0:18-cv-01906-KMM |
| Plaintiffs, | **ORDER CERTIFYING CLASSES FOR SETTLEMENT PURPOSES ONLY AND APPROVING PROPOSED NOTICE OF SETTLEMENT** |
| v. | |
| Massage Retreat & Spa, Inc. and Lee Oberg | |
| Defendants. | |

Joshua R. Williams, Law Office of Joshua R. Williams, 2836 Lyndale Avenue South, Ste. 160, Minneapolis, MN 55408, counsel for plaintiff

Joel P. Schroder, Best & Flanagan LLP, 60 S. 6th St., Ste 2700, Minneapolis, MN 55402 and Andrew J. Voss and John H. Lassetter, Littler Mendelson, PC, 80 S 8th St., Ste. 1300, Minneapolis, MN 55402, counsel for defendants

This matter is before the Court on a Joint Motion to Certify Class and for Preliminary Approval of Settlement. (ECF No. 33.) The parties have consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (ECF No. 40.) The Court conducted a telephonic status conference and a hearing regarding this motion. (ECF No. 44.)

Having reviewed the parties' joint filings and their arguments at the hearings; the settlement agreement and exhibits; and the filings, records, and pleadings in this matter, pursuant to Federal Rule of Civil Procedure 23(e), **IT IS HEREBY ORDERED** as follows:

1. The Joint Motion to Certify Class and for Preliminary Approval of Settlement (ECF No. 33) is **GRANTED**; and the proposed notices of settlement, opt-out form and claim form (**ECF No. 36-1, Exs. A, B, C**) are **APPROVED**.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of settlement only, the Court hereby certifies this lawsuit as a class action on behalf of the following settlement group:

   > All current and former Skin Therapists, Lead Skin Therapists, Massage Therapists, or Lead Massage Therapists employed by Massage Retreat & Spa, Inc. between June 8, 2015 and May 13, 2018.

3. In support of this settlement group, the Court finds as follows:
   a. The parties do not dispute and the Court concludes that the estimated 300 class members satisfy the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1).
   b. There are several important questions of law common to all class members.
   c. Plaintiffs Rosalee Dahlheimer, Jessica Onu, and Jessica Garcia's claims emanate from the same conduct of Massage Retreat & Spa, Inc. and Lee Oberg as that giving rise to the claims of the class members, and their claims are typical of the claims of the class members. Their claims do not conflict with those of other class members and rely upon the same legal theories.
   d. The named plaintiffs have been thoroughly involved in this matter and can fairly and adequately represent the interests of the class members. Plaintiff's counsel has experience in this type of litigation and can also fairly and adequately represent the interests of the class members.
   e. Questions common to the class predominate over any individual claims, and resolving the common questions through a class action is preferable to doing so through individual litigation of nearly 1,000 different cases.
4. Because the class action is certified for the purposes of settlement only, should the settlement agreement not become effective, this Order certifying the class action shall be vacated and the parties shall return to the positions they held prior to the entry of this Order. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, the plaintiff, or the settlement group members.

5. The Court hereby approves the proposed notice of settlement, opt-out form, and claims form, ECF Nos. 36-1 Exs. A, B, C and directs that the parties shall mail the notice and forms on or before **July 9, 2019**.
6. The representations, agreements, terms, and conditions of the parties' proposed settlement embodied in the Settlement Agreement and the exhibits thereto are preliminarily approved as discussed below.
7. The Court has conducted a preliminary review of the details of the proposed settlement agreement, including information regarding distribution of the settlement value, the mechanisms for notifying and paying class members, the percentage of anticipated recovery, and attorney's fees. The Court preliminarily finds that the settlement is "fair, reasonable, and adequate." Rule 23(e)(2); *see also Netzel v. West Shore Group, Inc.*, 16-cv-2552 (RHK/LIB), 2010 WL 1906955, at *2 (D. Minn. May 5, 2017)(considering an FLSA settlement). The Court will further address these issues the final approval hearing discussed below.
8. The Court finds that the distribution of the settlement notices substantially in the manner and form set forth in the settlement agreement meets the requirements of due process, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to receive notice.
9. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, and having found Joshua Williams and the Law Office of Joshua R. Williams to be adequate, the Court hereby appoints Mr. Williams and his firm as class counsel to represent the settlement group.
10. Magistrate Judge Menendez will hold a hearing in Courtroom 8E of the U.S. Courthouse, 300 South 4th Street, Minneapolis, Minnesota, on **September 30, 2019 at 2:00 PM** ("final approval hearing"). This hearing will address (a) whether the proposed settlement set forth in the settlement agreement should be approved as fair, reasonable, adequate, and in the best interest of the class members; (b) whether the class members should be bound by the release set forth in the settlement agreement upon cashing their checks; and (c) whether to approve, with or without modification, the jointly proposed class-representative award and the jointly proposed attorney's fees and expenses of class counsel. This hearing is subject to adjournment or continuance by the Court.
11. By **September 23, 2019**, if necessary, the parties will file a letter with the Court supplementing the Memorandum in Support of the Joint Motion for Approval of Settlement, ECF No. 33. The parties need only file this letter if the previously

filed memorandum is incomplete or out of date regarding the issues of fairness, adequacy, and reasonableness of the settlement; the award to the class representative; attorney's fees and expenses of class counsel; and entry of judgment dismissing the matter with prejudice.

12. Any class member who wishes to object to the proposed settlement, or to appear at the final approval hearing and show cause why the proposed settlement should not be approved as fair, adequate, reasonable, and in the settlement groups' best interests, or why this Court should not enter final judgment may do so according to the following procedure:
    a. The individual must send a notice of intent to object to the settlement to class counsel. The notice must contain:
        i. The caption of the case: *Dahlheimer v. Oberg*, 18-cv-1906 (KMM);
        ii. The name, address, telephone number, and signature of the individual filing the intent to object;
        iii. A detailed explanation of the individual's specific objections and the grounds therefor; and
        iv. Any documents the individual wishes the Court to consider in association with the objection.
    b. The notice of intent to object must be emailed or mailed to class counsel at the following address on or before **September 16, 2019**:

        Joshua R. Williams
        Law Office of Joshua R. Williams
        2836 Lyndale Ave. S., Suite 160
        Minneapolis, MN 55408
        Email: jwilliams@jrwilliamslaw.com

13. Any person who fails to object in the above-described manner shall be deemed to have waived any objections.
14. Class counsel shall submit the requests for exclusion and the objections to the Court and defense counsel by **September 23, 2019**.
15. Between the entry of this Order and the entry of the order following the final approval hearing, all class members shall be barred from asserting against the defendants any claims described in paragraph two of the settlement agreement, provided the Court approves the proposed settlement.

16. Upon the entry of final judgment, the named plaintiffs and the class members who did not opt out of the settlement by the means proposed in the settlement agreement shall be forever barred from asserting against the defendants any claims described in paragraph two of the settlement agreement, and shall be deemed to have released any and all such claims.
17. Only those class members who did not opt out of the settlement by the means proposed in the settlement agreement shall be entitled to the settlement benefits.
18. Nothing in this Order shall be construed or used as an admission, concession, or presumption by or against the released parties, the plaintiff, or the class members.
19. The parties are ordered to take all reasonable steps needed to comply with the following timeline:

| | |
|---|---|
| Accomplish mailing of notice due | **July 9, 2019** |
| Objections and requests for exclusion due to class counsel | **September 16, 2019** |
| Requests for exclusion and objections due to Court and defense counsel; letter supplementing previously filed memorandum due | **September 23, 2019** |
| Final Approval Hearing | **September 30, 2019 at 2:00 PM** |

**IT IS SO ORDERED.**

Date: June 24, 2019

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge