UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Rosalee Dahlheimer, Jessica Onu, and Jessica Garcia, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

Massage Retreat & Spa, Inc. and Lee Oberg,

Defendants.

Court File No. 0:18-cv-01906 KMM

**ORDER FOR CLASS CERTIFICATION, FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND DISMISSAL WITH PREJUDICE**

The above-entitled matter came before the undersigned on September 30, 2019, on the parties' joint motion for an Order granting Final Approval of Settlement, to Certify the Proposed Settlement Class, to Certify the Named Plaintiffs as Class Representatives, to Certify Joshua R. Williams as Class Counsel, and to Approve Service Awards, Attorneys' Fees and Costs and Claims Administration Costs.

Based on all of the files, records, and proceedings herein, the Court hereby finds and concludes:

1.     Named Plaintiffs filed this lawsuit against Defendants alleging violations of the federal Fair Labor Standards Act ("FLSA"), the Minnesota Fair Labor Standards Act ("MFLSA"), the Minnesota Payment of Wages Act ("MPWA"), Breach of Contract, Unjust Enrichment/Quantum Meruit, and Civil Liability for Theft (the "Litigation").

2. The Settlement Class was preliminarily approved by the Court on June 24, 2019 and, pursuant to Rule 23 of the Federal Rules of Civil Procedure was defined, for purposes of settlement only, as: "All current and former Skin Therapists, Lead Skin Therapists, Massage Therapists, or Lead Massage Therapists employed by Massage Retreat & Spa, Inc. between June 8, 2015 and May 13, 2018."

3. The Court has jurisdiction over the subject matter of this Litigation and all Parties to this Litigation, including all Settlement Class Members (as defined above), including, without limitation, jurisdiction to approve the proposed settlement, grant final certification of the Settlement Class, and dismiss this Litigation with prejudice.

4. The Class Representatives appointed in this Court's Order Certifying Classes for Settlement Purposes Only and Approving Notice of Settlement have fairly and adequately represented the Settlement Class throughout the proceedings and are hereby finally confirmed and appointed as Class Representatives.

5. For purposes of approving and effectuating the settlement, and only for such purposes, the prerequisites for certifying this Litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure have been met and that the settlement in this case is fair, reasonable, adequate and in the best interest of the Named Plaintiffs and the Settlement Class.

The settlement agreement applies a self-executing formula to equitably distribute an award among Settlement Class Members commensurate to the alleged damages each Settlement Class Member suffered.

6. The Settlement Agreement provides for a full and final resolution of this Litigation, subject to the approval of the Court and the entry of this Order the accompanying Final Judgment.

7. When approving a class action settlement, the Court must be satisfied that the settlement was not the product of fraud or collusion between the parties. In the instant case, the settlement agreement was the result of hard-fought litigation between the parties, with vigorous advocacy on both sides. After arms-length negotiations with the assistance of a neutral mediator, the parties were able to agree to compromises as set forth in the settlement agreement. The Court finds that the settlement is not the product of fraud or collusion between the parties.

8. Following preliminary approval of the proposed settlement, the appointed Claims Administrator mailed Notice, Claim Forms, and Opt-Out Forms to 363 eligible Class Members in compliance with the Court's June 24, 2019 Order to Preliminarily Approve the Settlement. (Declaration of Notice Administrator Chris Amundson, ECF No. 48).

9. The Notice advised Settlement Class Members of the background of the Litigation and terms of the proposed settlement, of the Final Approval Hearing, and their right to appear at such Hearing, of procedures for exercising such rights, of the

scope of the Release, and of the binding effect of this Order and the accompanying Final Judgment in this Action.

10. The Notice provided to the Settlement Class constitutes the best and most practicable notice under the circumstances. The Notice was designed to provide notice in the manner most likely to be received and read by Settlement Class Members. The Settlement Class received valid, due, and sufficient notice that complied fully with the Federal Rules of Civil Procedure and the Constitutional requirements of due process.

11. No Settlement Class Member objected to the Settlement Agreement. *Id.*

12. Three Settlement Class Members opted out of the Settlement. *Id.*

**IT IS HEREBY ORDERED:**

1. The Proposed Settlement Class is hereby certified for purposes of settlement only.

2. The Court grants the parties' joint motion for an Order granting Final Approval of Settlement, to Certify the Proposed Settlement Class, to Certify the Named Plaintiffs as Class Representatives, to Certify Joshua R. Williams as Class Counsel, and to Approve Service Awards, Attorneys' Fees and Costs and Claims Administration Costs.

3. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class and in full compliance with all

applicable requirements of the FLSA, the Federal Rules of Civil Procedure, the Minnesota Payment of Wages Act, the United States Constitution (including the due process clause), and any other applicable law. The Notice complies in all respects with the requirements of the Federal Rules of Civil Procedure and Constitutional due process by providing due, adequate, and sufficient notice to the Settlement Class. The Parties are ordered to effectuate the settlement in accordance with the terms of the Settlement Agreement. The terms of the Settlement Agreement are fully incorporated into this Order as if set forth fully herein.

4. The Court grants Class Counsel's request for approval of reasonable attorneys' fees in the amount of $165,000.00 and costs in the amount of $2,918.80.

5. The Court grants Named Plaintiff Dahlheimer's request for a service award of $5,000.00, Named Plaintiff Garcia's request for a service award of $4,000.00 and Named Plaintiff Onu's request for a service award of $4,000.00.

6. The Court approves the amount of $18,000.00 to be distributed to the appointed Claims Administrator for reasonable expenses related to the claims administration process outlined in the Settlement Agreement

7. The Court approves the amount of $212,771.49 to be distributed to those Settlement Class Members who chose to submit claims, pursuant to the self-executing formula outlined in the Settlement Agreement.

8. Defendant shall provide payment to the IOLTA Account of Class Counsel, Law Office of Joshua R. Williams, in an amount equal to $411,690.29 in

accordance with the terms of the Settlement Agreement.

9. Class Counsel shall distribute payment in accordance with the terms of the Settlement Agreement, including payment for service awards, claims administration, the Settlement Class Member Fund, attorney fees, and litigation costs.

10. The Claims Administrator shall distribute payment to participating Settlement Class Members upon receipt of the Settlement Class Member Fund from Class Counsel.

11. All Settlement Class Members are bound by this Order, by the accompanying Final Judgment, and by the terms and provisions of the Settlement Agreement incorporated herein.

12. As of the Effective Date[1] defined in the Settlement Agreement, each Settlement Class Member is deemed to have forever released, discharged, relieved, covenanted not to sue or proceed in any way against, and consent to being enjoined from suing, (i) Defendants Massage Retreat & Spa, Inc. and Lee Oberg; (ii) the MRS Parties as defined in the Settlement Agreement[2]; (iii) the Oberg Parties as defined in the

---

[1] The Effective Date means "is defined as the later of: (1) the date when the time to appeal the final judgment dismissing this Litigation captioned above with prejudice has expired; or (2) the date of the final resolution of any appeal or other judicial review of the Agreement if an appeal has been filed and not dismissed.

[2] Defendant Massage Retreat & Spa, Inc. and its current or former subsidiaries, parent companies, affiliated entities, related entities, franchisees, successors, assigns, divisions, and owners and each of such persons, entities or structures' directors, trustees, agents, shareholders, members, directors, officers, managers, employees, representatives, franchisees, franchisors, insurers and attorneys.

Settlement Agreement[3]; (iv) the Life Time Parties as defined in the Settlement Agreement[4]; (v) any current or former officer, director, trustee, agent, manager employee, owner, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i), (ii) (iii) or (iv) hereof (collectively, "Releasees"), from and all claims, obligations, demands, causes of action, rights to relief, fees and liabilities of any kind, whether known or unknown, either that were asserted in or could have been asserted in this Litigation, that the Settlement Class Members have or may have against any of the Releasees from the beginning of time through the Effective Date for unpaid wages, including, but not limited to, minimum wage compensation, overtime compensation, tips and gratuities, commissions, compensation for meal and rest breaks, liquidated or other damages, penalties, unpaid costs, taxes, restitution or other compensation or relief arising under the FLSA, state and local wage and hour laws, including, but not limited to the Minnesota Fair Labor Standards Act, the Minnesota Payment of Wages Act, local, or foreign laws, common law contract, tort, or other law, Minnesota common law, Minnesota administrative law, or Minnesota statutory law, or any other claim for unpaid wages, minimum wages, overtime or liquidated damages that are

---

[3] Lee Oberg, and any of his heirs, executors, administrators, successors, and assigns.
[4] Life Time, Inc., and its current or former subsidiaries, parent companies, affiliated entities, related entities, franchisees, successors, assigns, divisions, and owners and each of such persons, entities or structures' directors, trustees, agents, shareholders, members, directors, officers, managers, employees, representatives, franchisees, franchisors, insurers and attorneys.

7

derivative of, or in any way related to, any wage and hour, minimum wage, overtime, tips and gratuities, commissions, benefits or other claims that were alleged or could have been alleged in this Litigation. The foregoing release does not apply to the three individuals who opted out of participation in the settlement of this Litigation.

13. The Settlement Agreement, this Order, and the accompanying Final Judgment, or the fact of the Settlement Agreement, shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any Named Plaintiff, Settlement Class Member, Defendant, or Releasee in this Litigation or in any other civil, criminal, or administrative action or proceeding other than such civil proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, this Order and the accompanying Final Judgment.

14. This action is hereby dismissed with prejudice. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement, this Order and the accompanying Final Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: October 21, 2019

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge